# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TELECOM NETWORK SOLUTIONS, LLC<br><br>v.<br><br>AT&T INC., et al. | § § § § § § § § | CASE NO. 2:21-cv-00415-JRG<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| TELECOM NETWORK SOLUTIONS, LLC<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC., et al. | § § § § § § § § § § | CASE NO. 2:21-cv-00416-JRG<br>(Member Case) |
| TELECOM NETWORK SOLUTIONS, LLC<br><br>v.<br><br>T-MOBILE USA, INC., et al. | § § § § § § § § § | CASE NO. 2:21-cv-00418-JRG<br>(Member Case) |

**JOINT MOTION TO SUPPLEMENT AND/OR AMEND INFRINGEMENT AND INVALIDITY CONTENTIONS AND AMEND THE DOCKET CONTROL ORDER**

I.      INTRODUCTION

Pursuant to Local Patent Rule 3-6(b), Plaintiff Telecom Network Solutions, LLC ("TNS") and Defendants AT&T Corp., AT&T Communications LLC, AT&T Mobility LLC, AT&T Mobility II LLC, AT&T Services Inc. (collectively, "AT&T"), Cellco Partnership d/b/a Verizon Wireless (collectively, "Verizon"), T-Mobile USA, Inc., T-Mobile US, Inc., and Sprint Spectrum LLC (collectively, "T-Mobile") (all collectively, "the Parties") jointly move to supplement and/or amend their respective infringement and invalidity contentions. Relatedly, to provide more time to account for those supplemental and/or amended contentions during *Markman*, the Parties move to amend the Docket Control Order by shifting the P.R. 4-1 and P.R. 4-2 claim construction deadlines by two weeks.

The Parties agree that good cause exists to supplement and/or amend the infringement and invalidity contentions. Plaintiff states that it has good cause to amend its infringement contentions to clarify and supplement its literal infringement theory based on Defendants' production of confidential information regarding the operation of the accused networks. Likewise, Defendants state that they have good cause to supplement and/or amend their invalidity contentions in response to Plaintiff's supplemental and/or amended infringement theory and the claim construction positions that Plaintiff appears to be taking in connection with those theories. The amendments are important because the parties' contentions will further capture the Parties' theories in an effort to narrow the issues and focus fact and expert discovery and inform the claim construction process. At this time, neither Party will be prejudiced given that the *Markman* hearing is not until late January 2023, cutoff of fact discovery is not until February 2023, and trial is not until July 2023.

## II.     FACTUAL BACKGROUND

This is a patent case about dynamic network resource allocation within a cellular network. TNS alleges that the mechanisms by which Defendants' cellular networks change the level of service of certain heavy use subscribers during periods of network congestion infringe the asserted patent.

Plaintiff served its initial infringement contentions on March 2, 2022. Ex. 1 (AT&T Init. Infgm't Contentions); Ex. 2 (Verizon Init. Infgm't Contentions); Ex. 3 (T-Mobile Init. Infgm't Contentions). Those contentions were based solely on publicly available information.

Defendants served their initial invalidity contentions on March 27, 2022. Ex. 4 (Defs' Init. Invalidity Contentions). Defendants based those contentions in part on "Defendants' understanding of Plaintiff's infringement allegations." *Id.* at 1. Contemporaneous with those initial invalidity contentions, Defendants to a varying extent produced certain confidential technical documents describing the operation of certain aspects of their accused networks.

On September 2, 2022, TNS notified Defendants that it intended to amend its infringement contentions and sent Defendants supplemental and/or amended claim charts in redline form. Ex. 5 (TNS 9/2/22 emails).  As can be seen from the redlined claim charts, TNS's contentions that are the subject of this motion clarify, supplement and/or amend its infringement theory in response to Defendants' production of confidential information regarding the operation of the accused networks. Ex. 6 (AT&T Supp. Infgm't Contentions) [FUS]; Ex. 7 (Verizon Supp. Infgm't Contentions) [FUS]; Ex. 8 (T-Mobile Supp. Infgm't Contentions) [FUS]. They also provide details for certain elements for which Plaintiff contends discovery was necessary before a particular part of the network could be identified as accused. *Id.*

TNS's supplemental and/or amended contentions also add a doctrine of equivalents theory for the "dynamically modifying" claim element. Ex. 6 (AT&T Supp. Infgm't Contentions) at 103-104; Ex. 7 (Verizon Supp. Infgm't Contentions) at 138-139; Ex. 8 (T-Mobile Supp. Infgm't Contentions) at 126-127. TNS notes its position that this DOE infringement theory is explicitly premised on Defendants' non-infringement position. *Id.*

Defendants' supplemental invalidity contentions, which will be served no later than October 24, 2022, will account for Plaintiff's clarifications and additions, the claim construction positions identified and clarified in Plaintiff's contentions, and Plaintiff's other clarifications and amendments regarding, and analysis of, its infringement positions that have occurred during the parties meet and confer sessions, through Plaintiff's amended contentions, and through discovery.

### III. LEGAL STANDARDS

Local Patent Rule 3-6(b) permits a party to supplement or amend its infringement contentions "only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). In determining good cause, courts consider four factors: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded if the proposed amendment is not allowed; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Harris v. Huawei Device USA, Inc., et al.*, No 2:18-cv-00439-JRG, 2019 U.S. Dist. LEXIS 151949, at *5 (E.D. Tex. Sept. 6, 2019) (citing *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) and *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

### IV. THERE IS GOOD CAUSE TO SUPPLEMENT AND/OR AMEND THE PARTIES' CONTENTIONS

The Parties agree there is good cause to supplement and/or amend their contentions for the reasons that follow.

3

      A.    <u>There Is A Good Explanation For Why The Parties Seek Leave To Supplement and/or Amend</u>

Plaintiff's initial infringement contentions, which were based solely on publicly-available information, attempted to explain its infringement theories. But as discovery progressed, it became apparent to Plaintiff that there was confusion about those infringement contentions and whether they implicated certain network components, such as base stations. Plaintiff intends its supplemental and/or amended contentions to eliminate that confusion and cite to Defendants' confidential documents that were not available at the time of initial contentions. Plaintiff's proposed amended contentions identify the base stations in Defendants' networks and explain the functionality in those base stations that Plaintiff contends allegedly meet certain claim elements. Ex. 6 (AT&T Supp. Infgm't Contentions); Ex. 7 (Verizon Supp. Infgm't Contentions); Ex. 8 (T-Mobile Supp. Infgm't Contentions). This Court has previously found that clarifying infringement theories by citing to subsequently produced, non-public information provides good cause to supplement contentions. *Harris*, 2019 U.S. Dist. LEXIS 151949, at *9 ("It is expected that during the course of discovery, infringement contentions may be clarified or refined.").

Plaintiff's supplemental and/or amended infringement contentions also add a theory under the doctrine of equivalents for the "dynamically modifying" claim element. Ex. 6 (AT&T Supp. Infgm't Contentions) at 103-104; Ex. 7 (Verizon Supp. Infgm't Contentions) at 138-139; Ex. 8 (T-Mobile Supp. Infgm't Contentions) at 126-127. According to Plaintiff, this DOE theory was premised on Defendants' non-infringement position, which could only be disclosed after the infringement contention deadline. This Court has granted leave to add a DOE theory under similar circumstances. *Kaist IP US LLC v. Samsung Elecs. Co.*, No. 2:16-CV-01314-JRG-RSP, 2018 U.S. Dist. LEXIS 63985, at *11-12 (E.D. Tex. Apr. 16, 2018).

Likewise, Defendants' initial invalidity contentions were based at least in part on their understanding of Plaintiff's infringement theory as expressed in its then-operative infringement contentions. Ex. 4 (Defs' Init. Invalidity Contentions) at 1. In response to Plaintiff's amended infringement contentions, Defendants' understanding of that theory has now changed. So there is good cause to permit Defendants to supplement and/or amend their invalidity contentions including to account for Plaintiff's clarifications and additions, the claim construction positions identified and clarified in Plaintiff's contentions, and Plaintiff's other clarifications regarding, and analysis of, its infringement positions that have occurred during the parties meet and confer sessions and through discovery.

B. The Supplemental and/or Amended Contentions Are Important

It is important that the Parties be permitted to supplement and/or amend their contentions. Plaintiff's contentions at issue in this motion amend its infringement theories and are intended by Plaintiff to eliminate confusion as to whether Defendants' base stations are part of the accused network. Ex. 6 (AT&T Supp. Infgm't Contentions); Ex. 7 (Verizon Supp. Infgm't Contentions); Ex. 8 (T-Mobile Supp. Infgm't Contentions). They also include additional details and citations to Defendants' internal confidential information. *Id.* This makes them important. *See Arigna Tech. Ltd. v. General Motors LLC, et al.*, No. 2:21-cv-00174-JRG, Dkt. No. 147, at 7-8 (E.D. Tex. April 6, 2022) (finding supplemental contentions important when they include additional information and details learned from non-public sources).

Plaintiff's supplemental and/or amended contentions also include a DOE theory that Plaintiff contends is in response to Defendants' non-infringement position. Ex. 6 (AT&T Supp. Infgm't Contentions) at 103-104; Ex. 7 (Verizon Supp. Infgm't Contentions) at 138-139; Ex. 8 (T-Mobile Supp. Infgm't Contentions) at 126-127. This is another reason why they are important. *Realtime Data, LLC v. Actian Corp.*, No. 6:15-cv-463 RWS-JDL, 2016 U.S. Dist. LEXIS 190740,

5

at *14 (E.D. Tex. Aug. 11, 2016) ("The doctrine of equivalents allegation provides Plaintiff an alternate means to prove infringement and is closely tied to the infringement contentions already alleged, which points to a finding that the amendment is important."); *Keldar, Inc. v. Baby Brezza Enterprises, LLC*, No. 2:14-cv-904-JRG-RSP, Dkt. No. 69, at 2 (E.D. Tex. July 31, 2015) ("The Court recognizes that the doctrine of equivalents theory is important to [the] case.").

Likewise, Defendants' forthcoming supplemental and/or amended invalidity contentions are important because they are informed by Plaintiff's clarified and augmented infringement theories, by the claim construction positions identified and clarified in Plaintiff's contentions, and by Plaintiff's other clarifications regarding, and analysis of, Plaintiff's infringement positions occurring during the parties meet and confer sessions and during discovery. For example, Defendants have now identified the "base station and/or base station scheduler" as the portion of the network that generates a "prioritization list." Defendants' invalidity contentions were not previously focused on identifying prior art base stations and/or base station schedulers that contained the accused functionality due to their interpretation of the previous scope of Plaintiff's contentions. Defendants' ability to show that the prior art contained the accused functionality is important their invalidity defenses.

      C.      Neither Party Is Prejudiced By These Supplements

Bringing clarity to the case benefits the Parties; it does not prejudice them. *See IPCom GMBH & Co. KG, v. AT&T Inc. et al.*, No. 2:20-cv-00322-JRG, Dkt. No. 156, at 8-9 (E.D. Tex. Dec. 13, 2021). This applies equally to Plaintiff's proposed amended infringement contentions and Defendants' soon to be served amended invalidity contentions. Moreover, Plaintiff's proposed amended contentions do not add new patents, nor introduce new claims. Ex. 6 (AT&T Supp. Infgm't Contentions); Ex. 7 (Verizon Supp. Infgm't Contentions); Ex. 8 (T-Mobile Supp. Infgm't Contentions); *see Realtime Data, LLC v. Actian Corp.*, No. 6:15-CV-463 RWS-JDL, 2016 U.S.

Dist. LEXIS 190740, at *14-15 (E.D. Tex. Aug. 11, 2016). Moreover, the parties will have several months, until February 17, 2022, to conduct fact discovery regarding the amended contentions with expert discovery thereafter.

The relatively early stage of the case also confirms that neither party will be prejudiced by these supplemental contentions. The *Markman* hearing is not until January 25, 2023, and trial is not until July 24, 2023. Dkt. No. 82 (1st Am. DCO) at 1, 4. Although discovery is underway, fact discovery does not conclude until February 17, 2023, and expert discovery does not end until April 12, 2023. *Id.* at 3-4. *Harris*, 2019 U.S. Dist. LEXIS 151949, at *10 ("[T]he Court finds that there is little, if any, prejudice[.] The case is still at an early stage—the Markman hearing has not occurred, discovery has not been completed, and the deadline for disclosing experts has not passed."); *Cell & Network Selection LLC v. AT&T Inc.*, No. 6:13-cv-403, 2014 U.S. Dist. LEXIS 185020, at *12 (E.D. Tex. Nov. 10, 2014) (finding little prejudice when the parties "had opportunity to conduct discovery and prepare defenses based on the [supplemental] Contentions."); *Beneficial Innovations, Inc. v. Blackdot, Inc. et al.*, No. 2:07-cv-263-TJW-CE, Dkt. No. 264, at 1 (E.D. Tex. May 27, 2010) ("Because the [Parties] will have several months to digest and respond to the new [] contentions, the potential prejudice to the [Parties] is minimized.")

### D.     A Continuance Is Unnecessary

The Parties agree that a trial continuance is unnecessary given that ample time remains in the schedule to account for the supplemental and/or amended contentions; the *Markman* hearing, discovery deadlines, and trial need not move. *See Harris*, 2019 U.S. Dist. LEXIS 151949, at *10. However, to permit the Parties time to fully consider the supplemental and/or amended contentions, the Parties propose moving two interim claim construction deadlines—the P.R. 4-1 deadline to identify terms for construction and the P.R. 4-2 deadline to disclose initial

constructions and extrinsic evidence—by two weeks, as discussed below. This will not affect the *Markman* briefing schedule.

## V. THERE IS GOOD REASON TO AMEND THE DOCKET CONTROL ORDER

The Parties respectfully move to amend the operative Docket Control Order (Dkt. No. 82) ("DCO") to allow additional time for the parties to consider the supplemental and/or amended contentions and inform their claim construction positions. The Parties' proposed amendments to the DCO would extend the deadline for the parties Patent Rule 4-1 and 4-2 disclosures by two weeks, but would not adjust any other dates in the DCO:

| ORIGINAL DATE | PROPOSED DATE | EVENT |
| --- | --- | --- |
| September 9, 2022[1] | September 23, 2022 | Comply with P.R. 4-1 (Exchange Proposed Claim Terms) |
| September 20, 2022 | October 4, 2022 | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |

The Parties respectfully believe that adjusting the dates for the Rule 4-1 and 4-2 disclosures will allow the parties to focus the claim construction disputes.

## VI. CONCLUSION

For the foregoing reasons, the Parties submit that good cause exists to supplement and/or amend the Parties' contentions and move two interim claim construction deadlines, and respectfully request permission to do so.

---

[1] *See* Dkt. No. 81 at 2 (noting the Parties agreement to provide updated P.R. 4-1 Disclosures no later than September 9, 2022.

Dated: September 16, 2022

/s/ Eric J. Enger
Michael Heim
Texas Bar No. 09380923
mheim@hpcllp.com
Eric Enger
Texas Bar No. 24045833
eenger@hpcllp.com
R. Allan Bullwinkel
Texas Bar No. 24064327
abullwinkel@hpcllp.com
Blaine Larson
Texas Bar No. 24083360
blarson@hpcllp.com
HEIM PAYNE & CHORUSH LLP
1111 Bagby St., Suite 2100
Houston, Texas 77002
Telephone: 713-221-2000
Facsimile: 713-221-2021

T. John Ward, Jr.
Texas Bar No. 00794818
jw@wsfirm.com
Andrea L. Fair
Texas Bar No. 24078488
andrea@wsfirm.com
WARD, SMITH & HILL, PLLC
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: 903-757-6400
Facsimile: 903-757-2323

Amir Alavi
Texas Bar No. 00793239
Alavi & Anaipakos, PLLC
3417 Mercer Street, Suite C
Houston, Texas 77027
713-751-2363
713-751-2341 (fax)
aalavi@aatriallaw.com

*Attorneys for Plaintiff Telecom Network Solutions, LLC*

/s/ Theodore J. Angelis
Robert W. Weber

Respectfully submitted by:

/s/ Matthew S. Yungwirth
Deron R. Dacus
ddacus@dacusfirm.com
**THE DACUS FIRM, PC**
821 ESE Loop 323
Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543

Matthew S. Yungwirth
msyungwirth@duanemorris.com
Glenn D. Richeson
gdricheson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street, NE, Suite 2000
Atlanta, Georgia 30309-3929
Telephone: (404) 253-6998
Facsimile: (404) 253-6901

*Attorneys for Defendant AT&T Corp., AT&T Communications LLC, AT&T Mobility LLC, AT&T Mobility II LLC, AT&T Services Inc.*

/s/ Kevin Anderson
Deron R. Dacus
ddacus@dacusfirm.com
**THE DACUS FIRM, PC**
821 ESE Loop 323
Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543

Kevin Paul Anderson
kpanderson@duanemorris.com
**DUANE MORRIS LLP**
505 9th Street, NW, Suite 1000
Washington, DC 20004-2166
Telephone: (202) 776-7800
Facsimile: (202) 776-7801

Holly Elin Engelmann
hengelmann@duanemorris.com
**DUANE MORRIS LLP**
100 Crescent Court, Suite 1200

9

Texas State Bar No. 21044800
E-mail: bweber@smithweber.com
**SMITH WEBER, L.L.P.**
5505 Plaza Drive
Texarkana, TX 75503
Telephone: 903-223-5656
Facsimile: 903-223-5652

Theodore J. Angelis
Washington State Bar No. 30300
E-mail: theo.angelis@klgates.com
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Telephone: (206) 623-7580
Facsimile: (206) 370-6006

*Attorneys for Defendants T-Mobile USA, Inc., T-Mobile US, Inc., and Sprint Spectrum LLC*

Dallas, Texas 75201
Telephone: (214) 257-7226
Facsimile: (214) 292-9454

Glenn D. Richeson
gdricheson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street, NE, Suite 2000
Atlanta, Georgia 30309-3929
Telephone: (404) 253-6998
Facsimile: (404) 253-6901

Michael W. De Vries
**KIRKLAND & ELLIS LLP**
555 South Flower Street, Suite 3700
Los Angeles, California 90071
michael.devries@kirkland.com
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Adam R. Alper (pro hac vice)
Akshay S. Deoras (pro hac vice)
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, California 94104
adam.alper@kirkland.com
akshay.deoras@kirkland.com
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Leslie M. Schmidt (pro hac vice)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
leslie.schmidt@kirkland.com
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Sarah Mikosz (pro hac vice)
**KIRKLAND & ELLIS LLP**
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
sarah.mikosz@kirkland.com
Telephone: (310) 552-4200
Facsimile: (310) 552-5900

*Attorneys for Defendant Cellco Partnership d/b/a Verizon Wireless*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via ECF.

*/s/ Eric J. Enger*
Eric J. Enger

## CERTIFICATE OF CONFERENCE

I hereby certify that the Parties met-and-conferred via telephone on September 8, 2022 and satisfied the requirements of Local Rule CV-7(h).  This is a joint motion and, therefore unopposed by either Party.

*/s/ Eric J. Enger*
Eric J. Enger